MANUEL DE TORRES, demandante y apelado, *v.* JUAN RAMÓN DE TORRES y JUANA VANDER LINDEN, demandados, y apelante el primero.

Núm. 8816.—*Sometido:* Enero 10, 1944. *Resuelto:* Abril 20, 1944.

*Gabriel de la Haba* y *Damián Monserrat, Jr.*, abogados del apelante; *Manuel de Torres* por su propio derecho.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En 1913 el demandante adquirió, por legado que le hiciera su abuelo, un condominio consistente en dos onceavas partes de la casa número 19 de la calle General Contreras de esta ciudad. En la misma casa el doctor Ramón A. de Torres, padre del demandante, poseía un condominio de nueve onceavas partes, de las cuales cinco le pertenecían privativamente y las cuatro restantes tenían carácter de gananciales por haberlas adquirido durante su matrimonio con la demandada Juana Vander Linden. Para aquella fecha el demandante vivía ya en Nueva York, y como era menor de edad, su padre administraba y disfrutaba de las rentas de la totalidad de la casa; pero al llegar a su mayor edad en 1916 otorgó a favor de su padre un poder que lo autorizaba para

administrar el condominio de dos onceavas partes que el demandante tenía sobre la casa en cuestión. A virtud de este poder, el doctor Ramón A. de Torres administró el referido condominio del demandante hasta su muerte, acaecida el 16 de octubre de 1921. Para esa fecha el demandado Juan Ramón de Torres, que vivía en Puerto Rico, se hizo cargo de la administración de los bienes de la herencia, y asimismo administró el condominio de su hermano, el demandante, en la casa número 19 de la calle General Contreras, continuando en la administración a virtud del poder general que el 14 de diciembre de 1921 el demandante le otorgó en Nueva York, autorizándolo para administrar todos sus bienes, representarlo en la testamentaría de su señor padre y ejecutar actos de riguroso dominio, entre ellos los de vender, comprar e hipotecar bienes inmuebles del demandante. A virtud del referido poder, el demandado Juan R. de Torres por su propio derecho y como apoderado del demandante, en unión de su madre la demandada Juana Vander Linden y de su hermana Juana Josefa Hortensia de Torres, vendieron la casa número 10 de la Avenida Fernández en Miramar, que todos habían heredado del doctor De Torres, y en la cual tenía la demandada Juana Vander Linden su participación de gananciales.

Con el producto de la referida finca, la cual había costado cinco mil dólares y fué vendida por ocho mil dólares, compraron un solar en Avenida Atlantic, en Santurce, sobre el cual construyeron tres casas marcadas con los números 2, 4 y 6. El costo del solar y de las tres casas ascendió a $17,017.83, y para completar esa suma fué necesario tomar a préstamo ciertas cantidades, las cuales fueron en parte pagadas con las rentas de las casas. El solar y las tres casas antes mencionadas, se hicieron figurar a nombre de doña Juana Vander Linden, pero en el entendido de que dicha propiedad pertenecía a la sucesión del Dr. De Torres en la proporción correspondiente al capital que cada uno había in-

vertido en ella. A su regreso a Puerto Rico, a fines del año 1938, el demandante requirió a su hermano Juan R. de Torres para que le rindiese cuentas de su administración, y no pudiendo llegar ellos a un acuerdo satisfactorio, el demandante presentó en la corte inferior contra su hermano y su señora madre esta acción sobre rendición de cuentas, examen de libros y cobro de dinero. Celebrado el juicio, la corte con la anuencia de las partes, nombró un árbitro experto en contabilidad para que hiciese un estudio en cuanto a las cuestiones de hecho relacionadas con los ingresos y egresos de la administración del doctor De Torres primero y de Juan Ramón de Torres después, y procediese a determinar el saldo, si alguno hubiere, en favor de cualesquiera de las partes. El árbitro rindió su informe, y luego de una pequeña corrección que le hiciera la corte, la exactitud de sus cálculos fué aceptada por ambas partes, según se desprende de los autos. A base del informe del árbitro así corregido, la corte inferior dictó sentencia declarando sin lugar la demanda en cuanto a la demandada Juana Vander Linden y con lugar en cuanto al demandado Juan R. de Torres, condenando a éste a pagar al demandante la cantidad de $3,683.21, más intereses legales sobre dicha suma desde el 29 de mayo de 1941, fecha en que se dictó la sentencia. Condenó además al demandado Juan R. de Torres a pagar las costas incurridas por el demandante, y a éste a su vez a pagar las incurridas por la demandada Juana Vander Linden.

El árbitro divide su informe en dos partes; en la primera hace un estudio de las rentas producidas por la casa número 19 de la calle General Contreras durante la administración del doctor Ramón A. de Torres, es decir desde que el demandante llegó a su mayor edad en el 1916 hasta el fallecimiento del doctor De Torres en 1921. El segundo período del informe comprende desde la muerte del doctor De Torres.

Como resultado del estudio del primer período a que se refiere el informe, el doctor De Torres quedó a deber a su hijo el demandante por concepto de rentas correspondientes a su condominio en la casa número 19 de la calle General Contreras la cantidad de $377.26. De acuerdo con el informe del árbitro, el valor neto del solar con las tres casas edificadas en la Avenida Atlantic es de $10,568.62, resultado a que se llega luego de deducir las cargas que pesan sobre dicha propiedad y otras deudas en que se incurrió para la edificación de las casas.

Se queja el demandado de que erró la corte al condenarlo a pagar al demandante la cantidad que se expresa en la sentencia, y arguye que lo procedente es reconocer al demandante el condominio que le corresponde en el solar y las tres casas radicadas en la Avenida Atlantic. Conviene aclarar que la casa número 19 de la calle General Contreras no está en controversia en este caso.

A nuestro juicio tiene razón el demandado apelante, pues el demandado lo que hizo fué vender en su carácter de apoderado del demandante la participación de éste juntamente con la suya y las de los otros herederos en la casa número 10 de la Avenida Fernández, la cual pertenecía a la madre en cuanto a una mitad por concepto de gananciales y la otra mitad a los hijos y a la madre en la cuota usufructuaria. Las rentas de las nuevas casas y de la casa número 19 de la calle General Contreras fueron también empleadas en la amortización de las deudas de estos inmuebles en la Avenida Atlantic, de suerte que lo que hizo el demandado fué invertir parte del capital y rentas de su poderdante en la propiedad de la Avenida Atlantic, para lo cual estaba autorizado por su poderdante y según declaró probado la corte, el demandante se benefició con la operación que a su nombre hiciera el demandado.

Existiendo como existen el solar y las tres casas en la Avenida Atlantic, no vemos cómo pueda el demandado ser

deudor del demandante, y por consiguiente erró la corte al condenar al primero a pagar al segundo cantidad alguna. Lo correcto, conforme indica el demandado apelante, es reconocer al demandante el condominio que le corresponda en la finca de la Avenida Atlantic, quedando desde luego, en libertad de continuar o no en la comunidad.

▇ También se queja el demandado de que se le haya condenado a pagar al demandante la cantidad de $377.26, cantidad que según alega el demandado nunca llegó a su poder. En verdad no existe evidencia de que el demandado se apoderase de dicha suma, pero es lo cierto que el doctor De Torres la debía a su hijo el demandante, y por consiguiente al fallecer el doctor De Torres esa partida de $377.26, si bien no es una deuda del demandado a favor del demandante, debe considerarse como una carga de su herencia. Siendo ello así la referida partida no debe deducirse del haber del demandante, sino que debe acreditársele en su condominio en el solar y tres casas de la Avenida Atlantic.

▇ Alega también el apelante que erró la corte inferior al no haber dado crédito al demandado Juan R. de Torres en cuanto aseguró que entre él y el demandante existía un convenio para donar las rentas de sus respectivas propiedades en San Juan y Santurce a su madre y hermana antes mencionadas, para contribuir a su sostenimiento.

En verdad, Juan R. de Torres declaró sobre ese extremo y manifestó que tenía en su poder una carta para acreditarlo, pero la carta no se presentó, y el juez sentenciador no dió crédito a esa parte de la declaración del demandado. Si no hubiesen mediado otras circunstancias que daban derecho a la corte a no aceptar la declaración del demandado, hubiéramos convenido con éste en que la corte inferior no podía arbitrariamente rechazar esa parte de su declaración. *Caballero* v. *González*, 53 D.P.R. 539; *Navarro* v. *Compañía Azucarera "El Ejemplo"*, 53 D.P.R. 726. Pero en el pre-

sente caso, de la declaración del propio demandado surge que él continuó a través de su madre rindiendo cuenta al demandante de las rentas producidas por sus propiedades, lo que hasta cierto punto podría interpretarse como incompatible con tal pacto, y en adición a esto resulta que esas mismas rentas fueron aplicadas en parte a reducir la deuda contraída con motivo de la adquisición de las casas de la Avenida Atlantic y no al sostenimiento de la madre y hermana del demandante. Éstas son circunstancias que pudieron haber influído en la mente del juez sentenciador para no aceptar esa parte de la declaración del demandado y, aunque quizás nosotros no hubiéramos llegado a la misma conclusión a que él llegó sobre ese extremo, no podemos convenir en que el juez de la corte inferior actuó arbitrariamente al no dar crédito a esa prueba, y por lo tanto no debemos alterar su conclusión.

En cuanto a la participación de los demás herederos en las propiedades de la Avenida Atlantic, opinamos que siendo ellos todos mayores de edad debemos dejarlos que fijen entre sí sus respectivas participaciones.

*Procede por lo expuesto modificar la sentencia apelada en el sentido de decretar que el demandado Juan R. de Torres nada adeuda al demandante por concepto de la reclamación objeto de este pleito, pero decretando que el demandante es dueño de un condominio de $3,683.21 en el valor neto de $10,568.62 dado al solar y las casas números 2, 4 y 6 de la Avenida Atlantic edificadas en dicho solar, debiendo el demandado Juan R. de Torres pagar las costas del demandante y éste a su vez las de la demandada, dejándose sin efecto el pronunciamiento de intereses hecho por la corte inferior, y así modificada la sentencia, se confirma.*